**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESAU ROGERS,<br><br>            Plaintiff - Appellant,<br><br>  v.<br><br>S. RIVAS, Correctional Officer,<br><br>            Defendant - Appellee. | No. 11-55439<br><br>D.C. No. 3:07-cv-02010-W-JMA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Submitted October 9, 2012[**]

Before:    RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

California state prisoner Esau Rogers appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action alleging that Rivas searched his

cell in retaliation for an administrative grievance that Rogers had filed against

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Rivas over a year earlier. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Brodheim v. Cry*, 584 F.3d 1262, 1267 (9th Cir. 2009), and we affirm.

The district court properly granted summary judgment because Rogers failed to raise a genuine dispute of material fact as to whether his protected conduct motivated the search of his cell and whether the search reasonably advanced a legitimate penological goal. *See id.* at 1270 (explaining elements of a retaliation claim); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A summary judgment motion cannot be defeated relying solely on conclusory allegations unsupported by factual data.").

We decline to consider those documents submitted by Rogers that were not presented to the district court. *See* Fed. R. App. P. 10(a); *United States v. Sanchez-Lopez*, 879 F.2d 541, 548 (9th Cir. 1989).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

11-55439